[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SECOND AND THIRD SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION AND DEFENDANT'S MOTION FOR ORDER OF COMPLIANCE AS TO THREE SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION
By a ruling dated June 19, 2002, this court ruled on the defendant's motion for compliance with three sets of interrogatories and requests for production. On the same date, the defendant filed a request for CT Page 8200 adjudication of objections that the plaintiff had filed as to these discovery motions and for adjudication of a motion for order of compliance with respect to items the defendant claims were not answered or that were not answered responsively. That request for adjudication did not reach the undersigned until June 26, 2002.
First Set
In its ruling dated June 19, 2002, this court determined that Judge Sheedy had ruled that the objections to the defendant's first set of interrogatories and requests for production were untimely and therefore ineffective. This court declined the plaintiffs attempts to have this court set aside Judge Sheedy's decision and ordered that the plaintiff respond to the first set of interrogatories by July 12, 2002.
In view of these orders, there is no occasion to determine the merit of the objections.
Second Set
The defendant claims that the plaintiffs objections to the following interrogatories and requests for production should be overruled. In a separate motion, it seeks an order of compliance on the ground that the answers supplied are unresponsive. Rather than presenting the court with an orderly statement of its claims as to each item, the movant relies on laborious cross-referencing to correspondence and other documents. The court has labored to locate each item in dispute but will not reward this method of raising an issue by revisiting matter if the intricacies of the search result in any omissions. The movant had an opportunity to set forth its claims in a clear manner and has failed to do so.
The court rules by listing the number of the paragraph objected to or for which the response is claimed to be insufficient and the ruling thereon:
 2. Contrary to defendant's listing, plaintiffs did not object to this interrogatory. The plaintiff has failed to respond. It may not assert lack of knowledge of documents held by its title insurance company if it has access to those documents or if it knows what documents it or others supplied to the insurance company. Reasonable inquiry does not, however, require the plaintiff to engage in discovery from a third party on defendant's behalf
3(I). No objection filed. "Do not know" is responsive, provided the plaintiff has made reasonable inquiry. Reasonable inquiry does not require the plaintiff to engage in discovery from a third party on CT Page 8201 defendant's behalf
 3(L). No objection filed. "Do not know" is responsive, provided the plaintiff has made reasonable inquiry. Reasonable inquiry does not require the plaintiff to engage in discovery from a third party on defendant's behalf
 4(A)(B)(C)(D). No objection filed. "Do not know" is responsive, provided the plaintiff has made reasonable inquiry. Reasonable inquiry does not require the plaintiff to engage in discovery from a third party on defendant's behalf
 5. No objection filed. "Do not know" is responsive, provided the plaintiff has made reasonable inquiry. Reasonable inquiry does not require the plaintiff to engage in discovery from a third party on defendant's behalf
 9. No objection filed. The plaintiff has adequately responded by furnishing the policy section that defines coverage for a claimant's attorney's fee.
 Second set — requests for production of documents
The defendant has assumed with no evidentiary showing that the plaintiff has access to the files and documents of the title insurance company. Insurance companies are discrete entities who hold documents for their own business needs in transactions with insureds, in contrast to attorneys, accountants, and others who may simply hold documents on behalf of the client.
1. Objection sustained.
 2. Objection overruled. The plaintiff is required to produce documents held on its behalf by his attorney. The plaintiff has not supported a claim of privilege, and the document described is not of the type that contains or reflects confidential communications between lawyer and client for the purpose of obtaining legal advice.
3. Objection sustained.
4. Objection sustained.
7. No objection filed. The plaintiffs answer is evasive and unresponsive. Practice Book § 13-2 requires a party to whom discovery is directed to provide information within the party's "knowledge, possession or power." The plaintiff must therefore retrieve CT Page 8202 and produce items that remain in his "power" whether or not they are now in his actual possession.
9. Objection sustained.
Third set
 The only objection stated to each item is the attorney-client privilege. The party that invokes a privilege has the burden of establishing that it applies.
 2. Objection overruled. The information sought is not within the attorney-client privilege. See Olson v. Accessory Controls Equipment Corp, 254 Conn. 145, 158 (2000); Ullmann v. State, 230 Conn. 698, 711, 713 (1994). Turner's Appeal, 72 Conn. 305, 318 (1899).
 3. Objection overruled. The information sought is not within the attorney-client privilege.
 See Olson v. Accessory Controls Equipment Corp, 254 Conn. 145, 158
(2000); Ullmann v. State, 230 Conn. 698, 711, 713 (1994). Turner's Appeal, 72 Conn. 305, 318 (1899).
 5. Objection overruled. The information sought is not within the attorney-client privilege. See Olson v. Accessory Controls Equipment Corp, 254 Conn. 145, 158 (2000); Ullmann v. State, 230 Conn. 698, 711, 713 (1994). Turner's Appeal, 72 Conn. 305, 318 (1899).
 6. Objection overruled. The information sought is not within the attorney-client privilege. See Olson v. Accessory Controls Equipment Corp. 254 Conn. 145, 158 (2000); Ullmann v. State, 230 Conn. 698, 711, 713 (1994). Turner's Appeal, 72 Conn. 305, 318 (1899).
 8. Objection overruled. The information sought is not within the attorney-client privilege. See Olson v. Accessory Controls Equipment Corp, 254 Conn. 145, 158 (2000); Ullmann v. State, 230 Conn. 698, 711, 713 (1994). Turner's Appeal, 72 Conn. 305, 318 (1899).
Conclusion
As to each interrogatory and request for production to which the objection has been overruled or the response has been found inadequate, the plaintiff shall comply by July 19, 2002.
So ordered. _______________________ Beverly J. Hodgson Date Judge of the Superior Court CT Page 8203